UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:23-cv-00178-MR

| | |
|---|---|
| JAMEL BYRD,<br>a/k/a Jamel Byrd Price,<br><br>   Petitioner,<br><br>vs.<br><br>ROBERT VAN GORDER, Warden<br>at Sampson Correctional Institution,<br><br>   Respondent. | ORDER |

**THIS MATTER** comes before the Court on the Petition for Writ of Habeas Corpus filed by the Petitioner pursuant to 28 U.S.C. § 2254 on March 24, 2023. [Doc. 1].

**I. BACKGROUND**

Jamel Byrd (the "Petitioner") is a prisoner of the State of North Carolina. The Petitioner pleaded guilty to second-degree murder and assault with a deadly weapon with intent to kill on February 26, 1996 in Mecklenburg County Superior Court. The Petitioner was sentenced to a term of thirty years' imprisonment. [Doc. 1 at 1]. The Petitioner did not file a direct appeal of his judgment of conviction. [Id. at 2].

The Petitioner states that he filed a postconviction Motion for Appropriate Review ("MAR") in Mecklenburg County Superior Court that was denied. [Id. at 3]. However, the Petitioner does not state the date of filing of the MAR or the date the MAR was denied. The Petitioner filed a petition for writ of habeas corpus in the North Carolina Court of Appeals on February 28, 2003 that was denied on March 7, 2023. [Id. at 6; Doc. 1-1 at 1].

The Petitioner filed his Petition for Writ of Habeas Corpus in this Court on March 23, 2023. [Doc. 1]. The Petitioner alleges that his judgment of conviction is unlawful because the assault with a deadly weapon charge was not part of his plea agreement (ground one), that as a juvenile he was not afforded a transfer hearing to be bonded to Superior Court to be tried as an adult (ground two); and that he has exceeded the maximum sentence for both charges (ground three). [Doc. 1 at 5-8].

## II. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a statute of limitations for § 2254 petitions by a person in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). The petition must be filed within one year of the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id. The limitation period is tolled during the pendency of a properly filed state post-conviction action. 28 U.S.C. § 2244(d)(2).

The Petitioner's judgment of conviction was entered on February 26, 1996. [Doc. 1 at 1]. The Petitioner did not file a direct appeal and his judgment and conviction therefore became final fourteen days later on March 11, 1996, when the time for seeking review expired. See N.C. R. App. P. 4(a)(providing fourteen days in which to file notice of appeal). The one-year statute of limitations contained in the AEDPA then began running for 365 days until it expired on or about March 11, 1997. See 28 U.S.C. § 2244(d)(1).

The one-year limitation period for seeking § 2254 review may be tolled during the time of a "properly filed application for State post-conviction action." 28 U.S.C. § 2244(d)(2). Although the Petitioner states that he filed a postconviction MAR in Mecklenburg County Superior Court, he does not

3

indicate that the postconviction motion was filed before the AEDPA statute of limitations expired on March 11, 1997. See Minter v. Beck, 230 F.3d 663, 665 (4th Cir. 2000)(recognizing that state applications for collateral review cannot revive an already expired federal limitations period). The Petitioner also filed a petition for writ of habeas corpus in the North Carolina Court of Appeals on February 28, 2023 that was denied on March 7, 2023. [Doc. 1 at 6]. However, such filing also would not revive the already expired statute of limitations for seeking federal habeas relief. Therefore, the Petitioner's § 2254 petition filed in this Court on March 24, 2023 is subject to dismissal as time-barred under § 2244(d)(1)(A) unless the Petitioner can show that he is entitled to statutory tolling under § 2244 (d)(1)(B)-(D), or that equitable tolling of the statute of limitations applies.[1]

As such, the Court will grant the Petitioner 21 days in which to explain why this matter should not be dismissed as untimely, including any reasons why the Court should apply statutory or equitable tolling. See Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002).

---

[1] "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).

**IT IS, THEREFORE, ORDERED** that:

1. The Petitioner shall, within 21 days of entry of this Order, file a document explaining why his § 2254 Petition for Writ of Habeas Corpus should not be dismissed as untimely.

2. Failure to comply with this Order shall result in dismissal of the § 2254 Petition.

**IT IS SO ORDERED**.

Signed: April 16, 2023

Martin Reidinger
Chief United States District Judge