UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:23-cv-00178-MR

| | |
|---|---|
| JAMEL BYRD,<br>a/k/a Jamel Byrd Price,<br><br>　　　　Petitioner,<br><br>vs.<br><br>ROBERT VAN GORDER, Warden<br>at Sampson Correctional Institution,<br><br>　　　　Respondent. | )<br>)<br>)<br>)<br>)　**ORDER**<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**THIS MATTER** comes before the Court upon the Response filed by the Petitioner on May 1, 2023 [Doc. 5], following this Court's Order [Doc. 4] directing the Petitioner to address why his § 2254 petition should not be dismissed as untimely.

**I.　BACKGROUND**

Jamel Byrd (the "Petitioner") is a prisoner of the State of North Carolina. The Petitioner pleaded guilty to second-degree murder and assault with a deadly weapon with intent to kill on February 26, 1996 in the Mecklenburg County Superior Court. The Petitioner was sentenced to a term of thirty years' imprisonment. [Doc. 1 at 1]. The Petitioner did not file a direct appeal of his judgment of conviction. [Id. at 2].

The Petitioner states that he filed a postconviction Motion for Appropriate Review ("MAR") in Mecklenburg County Superior Court that was denied. [Id. at 3]. However, the Petitioner does not state the date of filing of the MAR or the date the MAR was denied. The Petitioner also states that he filed a Petition for Writ of Habeas Corpus in the North Carolina Court of Appeals on February 28, 2023, that was denied on March 7, 2023. [Id. at 6; Doc. 1-1 at 1].

The Petitioner filed his Petition for Writ of Habeas Corpus in this Court on March 23, 2023. [Doc. 1]. Following the Court's initial review of the petition, the Court entered an Order directing the Petitioner to show cause why the petition should not be dismissed as untimely. [Doc. 4]. The Petitioner filed his Response on May 1, 2023. [Doc. 5].

## II. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a statute of limitations for § 2254 petitions by a person in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). The petition must be filed within one year of the latest of the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). The limitation period may be tolled during the pendency of a properly filed application for State

post-conviction action. 28 U.S.C. § 2244(d)(2).

Because the Petitioner did not file a direct appeal, his judgment and conviction became final fourteen days later on March 11, 1996, when the time for seeking review expired. See N.C. R. App. P. 4(a)(providing fourteen days in which to file notice of appeal). The one-year statute of limitations contained in the AEDPA then began running for 365 days until it expired on or about March 11, 1997. See 28 U.S.C. § 2244(d)(1).

The Petitioner provides no information showing that he filed any post-conviction proceeding in state court before the one-year statute of limitations expired. Although the Petitioner filed a Petition for Writ of Habeas Corpus in the North Carolina Court of Appeals on February 28, 2023 [Doc. 1-1 at 1], such filing would not revive the already-expired statute of limitations. See Minter v. Beck, 230 F.3d 663, 665 (4th Cir. 2000)(recognizing that state applications for collateral review cannot revive an already expired federal limitations period).

The Court directed the Petitioner to show cause why the petition should not be dismissed as untimely, including any reasons why statutory tolling under § 2244(d)(1)(B)-(D) or equitable tolling should apply. [Doc. 4]. Equitable tolling of the statute of limitations for an otherwise untimely § 2254 petition may apply where the petitioner demonstrates "(1) that he has been

pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" to prevent timely filing. Holland v. Florida, 560 U.S. 631, 649, 130 S.Ct. 2549, 177 L.Ed.2d 130 (2010). It is appropriate in those "rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003)(quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)).

In his Response, the Petitioner asks this Court to apply equitable tolling to excuse the untimely filing of his petition. [Doc. 5]. The Petitioner points out that his conviction occurred before enactment of the AEDPA, thus suggesting the one-year statute of limitations is not applicable. [Doc. 5 at 1-2]. The Petitioner states that he exercised due diligence by filing his Petition for Writ of Habeas Corpus with the North Carolina Court of Appeals but complains that the appellate court did not provide him with a summary of the reasons for its denial of the petition or the opportunity to cure any defects. [Doc. 5 at 2]. The Petitioner further argues that as a juvenile, he was ignorant of the material facts and did not have access to a legal services organization, legal materials, or a law library, and had no means of conducting legal

research until almost a year ago through a tablet provided at his corrections facility. [Id.].

The Petitioner's suggestion that the AEDPA's statute of limitations is inapplicable to him because it was enacted after his February 26, 1996 conviction is without merit. See Brown v. Angelone, 150 F.3d 370, 375 (4th Cir. 1998)(prisoners whose convictions became final prior to the April 24, 1996 effective date of the AEDPA had a grace period until April 24, 1997 in which to file habeas petitions). See also Williams v. Taylor, 529 U.S. 420, 429, 120 S.Ct. 1479, 1486, 146 L.Ed.2d 435 (2000)(noting that the AEDPA applies to cases where a petitioner files his federal habeas petition after the effective date of the AEDPA). Plaintiff has presented nothing to show that he filed a MAR during such grace period.

The Petitioner does not allege sufficient facts that identify any extraordinary circumstances that occurred to prevent him from timely filing his § 2254 petition. The Petitioner's complaints concerning access to legal assistance or legal research materials do not constitute the type of extraordinary circumstances or egregious misconduct to justify the application of equitable tolling. See Garcia Negrete v. United States, 2020 WL 2041342, *2 (W.D.N.C. April 28, 2020)(lack of legal knowledge and lack of law library access do not warrant equitable tolling); Buchnowski v. White,

5

2013 WL 171540, * 3 (W.D.N.C. January 16, 2013)(absence of law libraries is not grounds for equitable tolling); Henriquez v. United States, 2012 WL 1564158, *2 (E.D.N.C. May 2, 2012)(access to legal materials typically are not grounds for equitable tolling); United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004)(even in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling).

The Petitioner fails to show that he diligently pursued his rights and cannot satisfy his burden for equitable tolling to demonstrate good cause for the late filing of his § 2254 petition. As such, the § 2254 petition shall be dismissed as untimely.

### III. CONCLUSION

For the reasons stated herein, the § 2254 Petition for Writ of Habeas Corpus [Doc. 1] shall be dismissed as untimely, as the Petitioner fails to establish that he is entitled to statutory or equitable tolling.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003)(noting that, in order to satisfy § 2253(c), a prisoner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000)(holding

6

Case 3:23-cv-00178-MR   Document 6   Filed 06/05/23   Page 6 of 7

that, when relief is denied on procedural grounds, a prisoner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

**IT IS, THEREFORE, ORDERED** that:

1. The Petition for Writ of Habeas Corpus [Doc. 1] is **DISMISSED**.

2. The Court declines to issue a certificate of appealability pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases.

**IT IS SO ORDERED**.

Signed: June 2, 2023

Martin Reidinger
Chief United States District Judge