UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:23-cv-00178-MR

| | |
|---|---|
| JAMEL BYRD,  )<br>a/k/a Jamel Byrd Price,  )<br>  )<br>  Petitioner,  )<br>  )<br>vs.  )<br>  )<br>ROBERT VAN GORDER, Warden  )<br>at Sampson Correctional Institution,  )<br>  )<br>  Respondent.  )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court on the Motion for Reconsideration filed by the Petitioner on June 20, 2023. [Doc. 8]. The Petitioner seeks reconsideration of the Court's June 5, 2023 Order dismissing his § 2254 petition as untimely. [Doc. 6].

**I.  BACKGROUND**

Jamel Byrd (the "Petitioner") is a prisoner of the State of North Carolina. The Petitioner pleaded guilty to second-degree murder and assault with a deadly weapon with intent to kill on February 26, 1996 in Mecklenburg County Superior Court. The Petitioner was sentenced to a term of thirty years' imprisonment and did not file a direct appeal of his judgment of conviction. [Id. at 1-2].

The Petitioner filed his Petition for Writ of Habeas Corpus in this Court on March 23, 2023. [Doc. 1]. Following the Court's initial review of the petition, the Court entered an Order directing the Petitioner to show cause why the petition should not be dismissed as untimely. [Doc. 4]. The Petitioner filed his Response to the Court's Order on May 1, 2023. [Doc. 5]. The Court entered an Order on June 5, 2023 dismissing the § 2254 petition as untimely filed. [Doc. 6]. The Petitioner now seeks reconsideration of the Court's dismissal Order. [Doc. 8].

## II. STANDARD OF REVIEW

Motions for Reconsideration may be filed pursuant to Federal Rule of Civil Procedure 59 or 60.

A court has the discretion to alter or amend a judgment pursuant to a motion brought under Rule 59(e) no later than 28 days after entry of the judgment. Fed. R. Civ. P. 59(e). Such motions shall be granted only in very narrow circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002)(quoting Collison v. International Chemical Workers Union, 34 F.3d 233, 236 (4th Cir.1994)). "[R]ule 59(e) motions may

2

Case 3:23-cv-00178-MR   Document 9   Filed 07/12/23   Page 2 of 6

not be used to make arguments that could have been made before the judgment was entered." Id.

Federal Rule of Civil Procedure 60(b) allows a court to enter an order providing relief from a final judgment or order under certain conditions, including mistake, newly discovered evidence, fraud or misconduct by an opposing party, a void judgment, or "any other reason that justifies relief." Fed. R. Civ. P. 60(b). The movant has the burden to establish the grounds set forth in the motion and such grounds "must be clearly substantiated by adequate proof." In re Burnley, 988 F.2d 1, 3 (4th Cir. 1992)(quoting Thomas v. Colorado Trust Deed Funds, Inc., 366 F.2d 136, 139 (10th Cir. 1966)). Relief under Rule 60(b) is an "extraordinary remedy" to be applied only in "exceptional circumstances." Compton v. Alton S.S. Co., Inc., 608 F.2d 96, 102 (4th Cir. 1979).

### III. DISCUSSION

The Court dismissed the § 2254 petition as untimely, having concluded that it was filed after the expiration of the statute of limitations. [Doc. 6]. Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the petition must be filed within one year of the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). As the Court explained

3

Case 3:23-cv-00178-MR   Document 9   Filed 07/12/23   Page 3 of 6

in its dismissal Order, the time for filing a § 2254 petition expired on March 11, 1997. The Petitioner's § 2254 petition, filed on May 1, 2023, was therefore untimely. [Doc. 6].

The Petitioner was given the opportunity to address the timeliness of his § 2254 petition and he filed a response asking the Court to apply equitable tolling. [Docs. 4, 5]. Equitable tolling of the statute of limitations for an otherwise untimely § 2254 petition may apply where the petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" to prevent timely filing. Holland v. Florida, 560 U.S. 631, 649, 130 S.Ct. 2549, 177 L.Ed.2d 130 (2010). It is appropriate in those "rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003)(quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)).

The Petitioner argued that his conviction occurred before enactment of the AEDPA, thus suggesting the one-year statute of limitations is not applicable. [Doc. 5 at 1-2]. The Petitioner stated that he exercised due diligence by filing a Petition for Writ of Habeas Corpus with the North Carolina Court of Appeals but complained that the appellate court did not

4

provide him with a summary of the reasons for its denial of the petition or the opportunity to cure any defects. [Doc. 5 at 2]. The Petitioner further argued that as a juvenile, he was ignorant of the material facts and did not have access to a legal services organization, legal materials, or a law library, and had no means of conducting legal research until almost a year ago through a tablet provided at his corrections facility. [Id.].

The Court held that the Petitioner did not allege sufficient facts that identified any extraordinary circumstances that occurred to prevent him from timely filing his § 2254 petition. The Court concluded that the Petitioner failed to establish that equitable tolling applied to excuse the untimeliness of his § 2254 petition. [Doc. 6].

In his Motion for Reconsideration, the Petitioner argues that the Court failed to address "jurisdictional cause and violation of the United States Constitution laws that would nullify the 1-year limitation period as jurisdiction can be challenged at any time." [Doc. 8 at 2]. The Petitioner states that the sole claim of his petition was "collaterally attacking the jurisdiction of the Mecklenbrug Superior Court" on grounds that "personal and subject matter was never established." [Id.]. The Petitioner argues that it would be unconscionable to enforce the limitations period and asks the Court to reconsider its untimeliness dismissal. [Id.].

5

The Petitioner's argument seeking reconsideration is without merit, as "[t]here is no exception under AEDPA's statute of limitation for a § 2254 claim that the state court lacked jurisdiction." Jones-Bey v. Alabama, 2014 WL 1233826, *2 (N.D. Ala. March 25, 2014)(unpublished)(citing Davis v. Sec. Dep't of Corrections, 2009 WL 4730548 (M.D. Fla. Dec. 7, 2009)). See also Henderson v. United States, 2018 WL 1413185 (W.D.N.C. March 21, 2018 (dismissing § 2255 petition as untimely despite petitioner's assertion that he could challenge state court's subject matter jurisdiction at any time). The Petitioner fails to demonstrate any clear error of law or the presence of any circumstances that warrants this Court's reconsideration under Rule 59 or Rule 60. The Petitioner has not demonstrated that he is entitled to equitable tolling and the § 2254 petition is still subject to dismissal as untimely. As such, the Petitioner is not entitled to relief.

**IT IS, THEREFORE, ORDERED** that:

1. The Petitioner's Motion for Reconsideration [Doc. 8] is **DENIED**.
2. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, this Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: July 12, 2023

Martin Reidinger
Chief United States District Judge